UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

CHRIS R. ORILLION, JR.                      NO.: 3:10-cr-00058-BAJ-SCR

RULING AND ORDER

Before the Court is Petitioner's **MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 (Doc. 75)**, requesting that "the Court vacate his sentence and grant him a new sentencing under the Fair Sentencing Act of 2010 statutory minimum provisions," (*id.* at ¶9). For reasons explained below, Petitioner's request will be DENIED.

I. BACKGROUND

On July 16, 2010, the United States Attorney for the Middle District of Louisiana filed a Bill of Information charging Petitioner with two counts of attempted possession with intent to distribute 5 grams or more of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. § 846. (Doc. 36). Petitioner waived his right to be charged by indictment, (Doc. 37), and thereafter, on August 18, 2010, pleaded guilty in this Court to each count. (Docs. 39, 40).

Petitioner was sentenced on April 21, 2011. At sentencing, Petitioner faced a guideline range of 235 to 293 months imprisonment under the then-existing United

States Sentencing Guidelines, based on a total offense level of 35 and a criminal history category of IV. (Doc. 60 at p. 1). However, this Court departed below Petitioner's applicable guidelines range, sentencing Petitioner to "a total term of 210 months" imprisonment, consisting of concurrent terms of 210 months imprisonment on each count of conviction. (Doc. 59 at p. 3). In its statement of reasons for Petitioner's sentence, this Court explained that the downward departure was based on Petitioner's "assistance to the government." (Doc. 60 at p. 4). Specifically, this Court stated:

> The Court departed below the guidelines range by three level [sic] based on [Petitioner's] assistance to the government. The resulting offense level was 32, the resulting custody range was 168 to 210 months. The court sentenced at the high end of the guidelines range based on the violent nature of the defendant's past criminal conduct.

(*Id.*). This Court entered judgment, which was affirmed by the U.S. Fifth Circuit Court of Appeals on August 23, 2012. (Doc. 73 at p. 3).

At the time Petitioner committed his offenses he faced mandatory minimum sentences of 5 years imprisonment on each of the two counts against him. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006 ed.). However, on August 3, 2010—15 days before Petitioner pleaded guilty—the law changed with Congress's passage of the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). Under the FSA, an offender who sold 5 grams of crack was not subject to a mandatory minimum sentence. *See* § 841(b)(1)(B)(iii) (2006 ed., Supp. IV); *see also Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012) ("The Act increased the drug amounts

2

triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum . . . ."). Despite this change in the law, the Court accepted as true that Petitioner faced the pre-FSA 5-year mandatory minimum prison term. (*See* Doc. 60 at p. 1).

On June 21, 2012, the U.S. Supreme Court decided *Dorsey v. United States*, which held that the new statutory minimum sentences set forth in the FSA apply to defendants—such as Petitioner—who committed their offenses *prior* to the enactment of the FSA but were sentenced *after* its enactment. *Dorsey*, 132 S. Ct. at 2326. Less than a year later, Petitioner filed the § 2255 motion that is the subject of this Order, contending that *Dorsey* entitles him to be resentenced under the FSA's new mandatory minimum framework. (Doc. 75 at ¶¶ 5–9). At the Court's order, the Government submitted a memorandum in opposition to Petitioner's motion. (Docs. 76, 79). Oral argument on this matter is not necessary.

## II. DISCUSSION

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–

27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Petitioner raises a single "ground[] on which [he] claims he is being unlawfully held." (Doc. 61 at ¶ 6). Specifically, he argues that his "current sentence is based upon the erroneous statutory mandatory minimum sentence of 5 years, [Petitioner] is not subject to any statutory mandatory minimum sentence, pursuant to *Dorsey v. United States*." (*Id.*). Accordingly, Petitioner asserts that he must be resentenced because under the new statutory mandatory minimum sentence framework, "[he] is not subject to any mandatory minimum sentence." (*Id.* at ¶ 9). The Government responds that "[t]he holding in *Dorsey* . . . is of no benefit to [Petitioner], since the Court originally imposed a sentence well beyond what was then the statutory minimum of five (5) years—in this case, 210 months. (Doc. 79 at p. 3).

Since Petitioner filed his motion, the U.S. Court of Appeals for the Fifth Circuit has clarified that the Government's position is correct. This is because even if this Court *failed* to recognize the retroactive applicability of the FSA in determining Petitioner's sentence, the pre-FSA 5-year mandatory minimum was *not* the basis for its calculation of Petitioner's prison term. *See United States v. Kinchen*, 729 F.3d 466, 476 (5th Cir. 2013). Instead, this Court sentenced Petitioner

4

to a term significantly above the 5-year mandatory minimum under the pre-FSA version of the statute, "based on the violent nature of [Petitioner's] past criminal conduct." (Doc. 60 at pp. 1, 4). Simply put, this Court "would [not] have imposed a different sentence had it believed that the statutory changes effected by the FSA applied to [Petitioner's] offense." *See United States v. Williams*, 505 F. App'x 343, 344 (5th Cir. 2013) (unpublished), *cert. denied*, 133 S. Ct. 2375 (2013). The Fifth Circuit has recently instructed that in such instances—i.e., where "the mandatory minimum was *not* the basis for the district court's [sentence]"—"*any* error in not recognizing the FSA's retroactive applicability was harmless." *Kinchen*, 729 F.3d at 476 (emphasis added); *see also Williams*, 505 Fed. App'x at 344 (same). Thus, Petitioner has failed to show that he is entitled to the relief he seeks.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's § 2255 **MOTION (Doc. 75)** is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of January, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**